# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

JENNIE D. SMITH, PERSONAL REPRESENTATIVE
AND SURVIVING HEIR OF CLEVELAND SMITH,
DECEASED                                                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 2:08cv149KS-MTP

ARTHUR SPANN AND TAYLOR PROPANE, INC.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#8]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion should be denied consistent with the terms of this order.

This civil action arises out of a car accident which occurred on July 21, 2005, in Walthall County, Mississippi between a vehicle driven by Arthur Spann and a vehicle occupied by Cleveland Smith. The plaintiff alleges that defendant Arthur Spann, an employee of Taylor Propane Gas, Inc., acting in the course and scope of his employment, was negligently traveling at an unsafe speed on US 98 and Union Street, Tylertown, Mississippi, at the time of the collision. Cleveland Smith died as a result of injuries sustained in that accident. Jennie Smith, as personal representative and surviving heir of Cleveland Smith, deceased, filed a complaint against Arthur Spann and

Taylor Propane, Inc. on July 17, 2008. On December 19, 2008, the plaintiff filed an Amended Complaint. According to the Amended Complaint, Jennie Smith is an adult resident citizen of Walthall County, Mississippi, and the plaintiff alleges that Arthur Spann is a resident of Rankin County, Mississippi.

The defendants have moved to dismiss asserting lack of subject matter jurisdiction as complete diversity of the parties is not present. The parties concede that jurisdiction pursuant to diversity of citizenship is the only basis for this action to proceed in this court. 28 U.S.C. § 1332(a) provides

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different states. . .

The courts have universally interpreted this to mean that there must be complete diversity, i.e., that none of the defendants can be a citizen of the same state as any of the plaintiffs. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 190-192, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th Cir. 1984).

In response, the plaintiff has moved the court to allow her to amend her complaint to drop Spann as a defendant. Traditionally parties are not generally allowed to amend the complaint after a removal to defeat jurisdiction of the court. There is generally no such restraint on preserving jurisdiction, however. While this is an original filing and not a removal, the concepts of joinder and amendment are analogous. The Judicial Improvement Act of 1988 codified the long standing practice of allowing liberal

amendment of the pleadings pursuant to Rule 15 which in some instances had the effect of defeating diversity jurisdiction. 28 U.S.C. § 1447(e) specifically provides "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Certainly if the court is vested with discretion to allow the joinder of an additional defendant which would destroy diversity jurisdiction, the court has the discretion to allow amendment to the pleadings which would preserve such jurisdiction.

Rule 19 of the Federal Rules of Civil Procedure governs joinder of persons needed for just adjudication and provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a). The Rule entails a twofold inquiry: (1) whether the party should be joined if feasible; and (2) whether, if joinder is not possible, the action should be dismissed. *A.J. Kellos Constr. Co., Inc. v. Balboa Ins. Co.*, 495 F. Supp. 408, 413 (S.D. Ga. 1980).

"Compulsory joinder is an exception to the general practice of giving plaintiff the

right to decide who shall be the parties to a lawsuit. Although a court must take cognizance of this traditional prerogative in exercising its discretion under Rule 19, plaintiff's choice will have to be compromised when significant countervailing considerations make the joinder of particular absentees desirable." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1602 (3rd ed. 2001).

Moreover, "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) (citing the advisory committee note). In accord, "Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder." *Id.* However, Rule 19 does not set forth a rigid or mechanical formula for decision. *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 625 (M.D. Tenn. 1988) (citations omitted). The Rule "is designed to encourage courts to apprise themselves of the 'practical considerations' of each individual case in light of the policies underlying the [R]ule." *Id.*

After a review of the facts of this case, the court is not convinced by the plaintiff's argument that Spann is not a necessary party. However, if the plaintiff wishes to dismiss Spann with prejudice from this case, she may do so and the court will deny the motion to dismiss. If the plaintiff elects to retain Spann in the case, it will be dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#8]** filed on behalf of the defendants is denied conditioned on the dismissal of Arthur Spann

with prejudice within ten days of this order. If that dismissal is not accomplished, the motion to dismiss will be granted upon re-urging by the defendants.

    SO ORDERED AND ADJUDGED this 13th day of April, 2009.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE