# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JENNIE D. SMITH, PERSONAL REPRESENTATIVE**
**AND SURVIVING HEIR OF CLEVELAND SMITH,**
**DECEASED**                                                                  **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:08cv149KS-MTP**

**TAYLOR PROPANE, INC.**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[# 16]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion should be denied consistent with the terms of this order.

This civil action arises out of a car accident which occurred on July 21, 2005, in Walthall County, Mississippi between a vehicle driven by Arthur Spann and a vehicle occupied by Cleveland Smith. The plaintiff alleges that defendant Arthur Spann, an employee of Taylor Propane Gas, Inc., acting in the course and scope of his employment, was negligently traveling at an unsafe speed on US Highway 98 and Union Street, Tylertown, Mississippi, at the time of the collision. Cleveland Smith died as a result of injuries sustained in that accident. Jennie Smith, as personal representative and surviving heir of Cleveland Smith, deceased, filed a complaint against Arthur Spann and Taylor Propane, Inc. on July 17, 2008. On December 19,

2008, the plaintiff filed an Amended Complaint.  According to the Amended Complaint, Jennie Smith is an adult resident citizen of Walthall County, Mississippi, and the plaintiff alleges that Arthur Spann is a resident of Rankin County, Mississippi.

Arthur Spann was originally named as a defendant in this case.  On January 16, 2009, the defendants filed a motion to dismiss asserting a lack of complete diversity as Spann is a Mississippi resident along with the plaintiff.  In response, the plaintiff moved to amend her Complaint to remove Spann as a defendant.  The court allowed the plaintiff to file her motion to dismiss Spann and upon such request, Spann was dismissed with prejudice.  Predictably, this motion followed.

The basis of the defendant's motion is that the plaintiff has filed this action only asserting that defendant Taylor Propane is liable pursuant to *respondeat superior*.  She has asserted no negligence or other claims directly against Taylor Propane, only vicarious claims based on the alleged negligence of Spann.

In support of its motion, the defendant relies on *J & J Timber Co. v. Broome*, 932 So.2d 1 (Miss. 2006).  In *J & J Timber*, a log truck driver, who was alleged to be an employee of J & J Timber, was involved in a motor vehicle accident with the plaintiffs, who were passengers on a bus.  Prior to suit, the plaintiffs settled with the negligent driver and executed a release to him reserving their claims against J & J.  After the settlement, suit was filed against J & J alleging vicarious liability for the actions of the driver arising from the doctrine of *respondeat superior*.  A jury verdict was ultimately returned for J & J but the Circuit Judge ordered a new trial.  The Mississippi Supreme Court granted an interlocutory appeal and reversed and rendered thereby dismissing all claims against J & J.

The *J & J Timber* court went through the history of *respondeat superior* cases and concluded that such are derivative of the negligence of the employee. "An action against an employer based on the doctrine of *respondeat superior* is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment." 932 So.2d at 6. The court continued, "Having settled with Galatas and released him from liability, and absent allegations of independent negligence on the part of J & J Timber, Broome may not maintain an action against the company." *Id.* The court concluded, "Where a party's suit against an employer is based on *respondeat superior*, the vicarious liability claim itself is extinguished when the solely negligent employee is released. There can be no assessment of damages against the employer when no action can be brought against the only negligent party-the employee." *Id.*

In a strikingly similar case, Judge Wingate dismissed an employer where the plaintiff non-suited as to the negligent employee immediately prior to jury selection. *Cranford v. Morgan Southern, Inc.*, Civil Action No. 3:07cv205-HTW-LRA (on appeal). He relied upon the holding in *J &J Timber* in spite of the argument of plaintiff's counsel that a non-suit was different than the settlement supporting the holding in *J & J Timber*. The plaintiff makes that same argument here, but it is not supported by the settled law.

In fact, the plaintiff here goes one step further and argues that a dismissal with prejudice is not an adjudication on the merits. That argument is contrary to long standing Fifth Circuit law. "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can

rise no higher than this." *Schwarz v. Folloder*, 767 F.2d 125 (5th Cir. 1985)(quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir.1964)).

In a last ditch effort to save her case, the plaintiff argues that a recent Mississippi Supreme Court case limits the holding in *J & J Timber* so as to avoid a dismissal of this action. *See Whitaker v. T & M Foods, Ltd.*, 7 So.3d 891 (Miss. 2009). She argues that *Whitaker* "distinguished *J & J Timber* because that case erred in 'limiting applicability of the Contracts Clause of the Mississippi Constitution to statutory amendments and appeals.'" She concludes that *"J & J Timber* is limited in its applicability where an injured party releases the only negligent actor from liability." She then asserts that she has claims of negligent hiring, supervision and entrustment of Spann by Taylor Propane.

However, no such claims appear in either the Complaint or the Amended Complaint. All of the claims asserted are based on the vicarious liability of Taylor Propane for the actions or inactions of Spann under the doctrine of *respondeat superior*. Further, the only reason *Whitaker* held that *J & J Timber* was not applicable to the facts of that case is because *J & J Timber* was handed down four to six years after the releases in *Whitaker* were executed and application of the case would violate the *ex post facto* prohibition of the Contracts Clause of the Mississippi Constitution. Such is not a problem in this case.

Unfortunately, the plaintiff has dismissed the only actor against whom she has made negligence claims, i.e. Arthur Spann. The only avenue of recovery against Taylor Propane for the claims asserted is through vicarious liability. That avenue is foreclosed

by the holding in *J & J Timber*. Thus, the court is left with no alternative but to grant the defendant's motion to dismiss.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#16]** filed on behalf of the defendant, Taylor Propane Gas, Inc., is granted and the plaintiff's complaint is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 26th day of June, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE